Deanne **WINTER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9101–CR–36.

Court of Appeals of Indiana, Second District.

March 3, 1992.

Susan D. Burke, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

## OPINION ON PETITION FOR REHEARING

SHIELDS, Judge.

Deanne Winter has petitioned for rehearing, claiming this court erred when it ordered this cause remanded to the trial court, 584 N.E.2d 1124, (table) for a hearing on the propriety of the trial court ordering restitution as a condition of her probation. She argues the State had the opportunity to offer evidence regarding restitution and to afford it another opportunity violates the prohibition against double jeopardy.

Winter claims that for double jeopardy purposes, ordering restitution as a condition of probation is similar to imposing a death sentence because, in both situations, the State has the burden of proving the existence of the required attendant circumstances; therefore, the State is precluded from a second opportunity to submit sufficient evidence of the victim's damages and Robinson's financial circumstances for restitution purposes.

The United States Supreme Court, in *Bullington v. Missouri* (1981), 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270, held the prohibition against double jeopardy precludes the State from again seeking the death penalty after a court of review has determined the evidence is insufficient to support the imposition of the death penalty. Although the principles of double jeopardy usually do not apply to sentencing, the court in *Bullington* held that

> [b]y enacting a capital sentencing procedure that resembles a trial on the issue of guilt or innocence ... Missouri *explicitly requires* the jury to determine whether the prosecution has proved its case, ... [and] that the sentence of life imprisonment which petitioner received at his first trial meant that the jury has already acquitted the defendant of whatever was necessary to impose the death sentence.

*Id.,* 451 U.S. at 444–45, 101 S.Ct. at 1861 (emphasis in original). An important factor in *Bullington* was the prosecution's burden of proving the aggravating factors to support the death penalty under Missouri law. Once it was determined that the prosecution failed to meet its burden, it was not afforded a second opportunity.

Ind. Code 35–38–2–2(a)(5) (1988) and IC 35–50–5–3 (1991 Supp.), the statutes which address restitution, do not impose any burden relative thereto upon the State; rather the trial court is vested with discretion to impose restitution as a condition of probation and to determine the terms thereof. As stated by the Supreme Court in *Bullington:*

> In the usual sentencing proceeding, however, it is impossible to conclude that a sentence less than the statutory maximum "constitute[s] a decision to the ef-

fect that the government has failed to prove its case." In the normal process of sentencing, "there are virtually no rules or tests or standards—and thus no issues to resolve...." [Citation omitted]. Thus, "[t]he discretion of the judge ... in [sentencing] matters is virtually free of substantive control or guidance. Where the judge has power to select a term of imprisonment within a range the exercise of that authority is left fairly at large." [Citation omitted].

Id. at 443–44, 101 S.Ct. at 1861. Consequently, principles of double jeopardy are not a consideration; upon remand the trial court is not precluded from again imposing restitution as a condition of probation if it follows the appropriate procedures and the order is supported by sufficient evidence.

Winter's petition for rehearing is denied.

SULLIVAN and CHEZEM, JJ., concur.